Mausbach agt. Metropolitan Life Insurance Company.

## SUPREME COURT.

### REGINA MAUSBACH agt. THE METROPOLITAN LIFE INSURANCE COMPANY.

*Life insurance — Equity power of the court where a policy has been canceled — Tender of premiums — Misrepresentations in application for policy — Evidence of.*

As the contract of life insurance is a peculiar one, and as it is fit and proper that the parties should know their rights under such a contract, where the present rights under such a contract are denied, a proper case is made out for the exercise of the equitable powers of the court.

In ordinary cases courts will not, in advance of any present duty, obligation or default, declare the rights and obligations of suitors. They will do it where peculiar circumstances render it necessary to the preservation of right.

Where the allegations of the complaint are that the plaintiff has tendered the premiums due and that the defendant refused to receive them and canceled the policy:

*Held,* that the plaintiff has a standing in court and is entitled to the relief asked for.

The evidence as to the alleged false representations made by the assured at the time of the application for the policy, *considered, criticised* and *held* to be entirely insufficient to justify the court in holding that at the time of the application for the insurance the assured was suffering with the disease as claimed by the defendant.

*Special Term, May,* 1877.

THIS action was brought to compel the defendant, The Metropolitan Life Insurance Company, of the city of New York, to restore the policy in question to its original force and effect, said company having canceled it on its books.

The complaint alleged, in substance, that defendant was a corporation organized under the laws of the state of New York; that on the 26th of July, 1873, in consideration of

Mausbach agt. Metropolitan Life Insurance Company.

eighteen dollars and fifty-seven cents (being the one-quarter annual premium on said contract) paid them by plaintiff, and of a like amount to be paid thereafter on or before the twenty-sixth day of July, October, January and April in every year, it executed and issued to her a policy of insurance on the life of her husband Simon Mausbach, in the amount of $3,000, for the term of twenty years ending with the 26th day of July, 1893; that the policy contained the conditions, that should said Simon Mausbach die before the expiration of said twenty years, the said $3,000 should be paid to plaintiff in full; and in the event of his dying after said twenty years the said defendant agreed to pay to this plaintiff the reserve endowment on said contract amounting to $711.06, that by a stipulation in said contract the defendant agreed to place to the credit of this plaintiff at the end of each year her equitable share of the reserve dividend until the completion of ten years, and if Simon Mausbach then lived to pay the same in gross to this plaintiff; that plaintiff has paid the sum of money required by her to be paid as a premium for upwards of three years, and has, in every other respect, fulfilled any and all conditions by her to be done under said contract; that during the months of October or November, and before the commencement of this action, this plaintiff caused a tender of the amount due said defendant on said contract, and at the time the same was due, to be made to it, but said defendants has refused and still refuses to receive the same; that the said plaintiff is informed, and believes, that said defendant has canceled the contract on its books in subversion of her rights and to her damage; that said defendant has not placed to her credit any share to which she may be entitled, and has refused and now refuses to do so; that Simon Mausback is still living, and that the wrongful acts of the defendant, in refusing to receive the premiums and in threatening to cancel and annul the same on said contract, and in refusing to place to the credit of the plaintiff her proper share of the dividend, are subversive of law and right and against the express stipulations

of said contract agreed to by defendant. She asked, as relief, that defendant be ordered and compelled to restore the said contract to its original force and effect; that defendant be ordered to continue the same in force according to the terms thereof; that defendant be compelled to make a discovery of its books under oath, to enable the plaintiff to ascertain the proper amount of credits due her, and for such further relief, &c.

The policy has been canceled on the books of defendant on the ground of alleged misrepresentations of the assured in his application for the same.

On the trial of the cause the defendant procured two examining physicians, who testified that the assured had, during the course of a subsequent medical examination of him, acknowledged that he had been sick prior to his application for insurance. These physicians testified as their opinion that he *had* so been sick, relying for that opinion partly upon his *aforesaid alleged* statement and partly upon that examination which was shown to have been both short and superficial. The plaintiff produced two physicians in rebuttal; one, the consulting doctor for the company, who had examined him at the time of his application, who pronounced him healthy, and the other his family physician. She also produced Dr. H. D. Ramsey as an expert, who testified that, under the circumstances in evidence, no intelligent impression could have been arrived at by the doctors who testified for the defendant. The plaintiff also denied having made the alleged statement, and testified that two distinct tenders of the aggregate amount due the company were made, but the money was refused by note from defendant relieving the plaintiff from any obligation, at the same time suspending her privileges until a trial could be had.

The defendant moved to dismiss on the ground: First. That the plaintiff is bound to show that her tender of the premiums has been kept good. Second. That the complainant has no standing in equity.

*Charles Straus*, for plaintiff.

*Arnoux, Ritch & Woodford*, for defendant.

VAN BRUNT, *J.* — The case of *Cohen* agt. *The New York Mutual Life Insurance Company* (50 *N. Y.*, 610) is an authority directly sustaining the right of the court to entertain an action like the one at bar.

In that case it was held that, as the contract of life insurance is a peculiar one, and as it is fit and proper that the parties should know their rights under such a contract, where the present rights under such a contract are denied, a proper case is made out for the exercise of the equitable powers of the court.

That case seems also to dispose of the claim made by the defendants that the plaintiff has no standing in court, because the tender of the premiums has not been kept good. In that case there was no allegation that the tender had been kept good, yet the plaintiff was granted relief. The only remaining question is a question of fact, viz. : Were false representations made to the defendants in respect to the health of Simon Mausbach, at the time of the application upon the policy in question ?

The evidence upon the part of the defense to sustain their claim in this regard, consists of the testimony of two physicians, who claim to have examined the assured in the year, 1873, and to have found, from such examination and from the statements made by the assured to them, that he had been suffering, anterior to the issuance of the policy upon his life, with chronic bronchitis and asthma, and had consulted physicians in Europe in respect thereto. If the testimony of these physicians is to be taken as true, then there clearly were misrepresentations made to the defendants as to the health of the assured, and they would have the right to cancel the policy which they had issued.

It seems to me apparent that the judgment of these phy-

Mausbach agt. Metropolitan Life Insurance Company.

sicians depended upon the statements alleged to have been made to them by the assured, rather than from any examination which they themselves made. At the time of this examination, it was entirely immaterial to them whether the disease was of long standing or of recent contraction, and their examination of the patient was so cursory and superficial that it doesn't seem possible that any solid judgment could have been based thereon. Neither was any satisfactory evidence given to show that it is possible, upon an examination of a patient, to tell whether the disease is of two or four years standing. If it is possible to determine, with any degree of certainty, the length of time during which the disease has been progressing by the changes in the symptoms or otherwise, then it is equally certain that upon an examination being made during the time the disease is thus progressing, that its presence would be detected.

Yet we find, from the evidence in this case, that a physician examined the assured at the time of the application for this assurance and found no evidences of any disease. We find, also, that the friends and acquaintances of the assured never saw any indications of any disease, nor is there any evidence whatever, that he had ever consulted a physician where he had lived for years.

It seems to me, therefore, that the evidence is entirely insufficient to justify me in holding that, at the time of the application for the insurance, the assured was suffering with this disease, as claimed by the defendants.

The plaintiff is entitled to judgment, with costs.